FILED

MAY X 4 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Mario A MELCHIONNE,<br><br>    Petitioner,<br><br>            v<br><br>Kelly HARRINGTON, Acting Warden of Kern Valley State Prison,<br><br>    Respondent. | Case No 1-8-cv-688-VRW-HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Mario A Melchionne, a prisoner incarcerated at Kern Valley State Prison in Delano, California, seeks a writ of habeas corpus pursuant to 28 USC § 2254.

I

Pursuant to a plea agreement, petitioner pleaded no contest to a charge of murder for the killing of Joseph Owens. In exchange for his plea, petitioner was sentenced to seventy-five years to life, thereby avoiding the death penalty as well as imprisonment for life without the possibility of parole.

In his federal habeas petition, petitioner claims that

(1) his trial counsel failed to file various motions, conduct discovery, interview witnesses, and present evidence before he entered his plea; (2) he entered his plea in reliance on unfulfilled assurances from his counsel that they would represent him in his appeal; and (3) he was denied a trial by jury, in part because he did not admit his prior convictions.

Petitioner's first set of claims, relating to events and proceedings that occurred before he entered his plea, do not form any basis upon which the court may grant habeas relief: a criminal defendant who pleads guilty[1] cannot later raise on habeas review independent claims relating to the deprivation of constitutional rights that occurred prior to entering the plea. See Haring v Prosise, 462 US 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v Henderson, 411 US 258, 266-67 (1973) (same); Moran v Godinez, 57 F3d 690, 700 (9th Cir 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation); see also Hudson v Moran, 760 F2d 1027, 1030 (9th Cir 1985) (finding no constitutional violation where defendant was not informed that guilty plea would foreclose subsequent habeas relief).[2]

---

[1] Petitioner entered a plea of no contest. A plea of no contest to a felony is legally the same as a plea of guilty for all purposes and results in a finding of guilt. Cal Penal Code § 1016; see United States v Verduzco, 330 F3d 1182, 1185 (9th Cir 2003). Petitioner stated on the record that he understood this.

[2] There are some exceptions to this general bar, which are inapplicable in the present action. For example, a defendant who pleads guilty still may challenge in habeas corpus proceedings the very power of the state to bring him into court to answer the charge

2

A defendant who pleads guilty may not collaterally challenge a voluntary and intelligent guilty plea entered into with the advice of competent counsel. United States v Broce, 488 US 563, 574 (1989); Mabry v Johnson, 467 U.S. 504, 508 (1984). Nor may he collaterally attack his plea's validity merely because he made what turned out, in retrospect, to be a poor deal. Bradshaw v Stumpf, 545 US 175, 186 (2005).

The only challenges left open on federal habeas review after a guilty plea relate to the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v Lockhart, 474 US 52, 56-57 (1985); Tollett v Henderson, 411 US 258, 267 (1973). A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Id; Lambert v Blodgett, 393 F3d 943, 979 (9th Cir 2004); United States v Signori, 844 F2d 635, 638 (9th Cir 1988); Hudson, 760 F2d at 1030. Petitioner makes no such claim in the present action.

Petitioner's second and third sets of claims are flatly contradicted by the record. At his plea hearing, petitioner stated under oath that he was not promised anything in exchange for his plea other than that which was discussed in open court. Petitioner also admitted his prior convictions on the record, and

---

brought against him, see Haring, 462 US at 320 (citing Blackledge v Perry, 417 US 21, 30 (1974) (defendant who pleaded guilty allowed to challenge indictment on grounds of prosecutorial vindictiveness)), and may raise a double-jeopardy claim, see Haring, 462 US at 320 (citing Menna v. New York, 423 US 61 (1975)).

1 | he expressly waived his right to trial by jury on the record.
2 | "Solemn declarations in open court carry a strong presumption of
3 | verity. The subsequent presentation of conclusory allegations
4 | unsupported by specifics is subject to summary dismissal, as are
5 | contentions that in the face of the record are wholly
6 | incredible." Blackledge v Allison, 431 US 63, 73-74 (1977)
7 | (citations omitted). Petitioner presents merely conclusory
8 | allegations in support of his claims, which accordingly lack
9 | merit.

II

Accordingly, and good cause appearing therefor, the court hereby denies petitioner's petition for a writ of habeas corpus. The clerk shall enter judgment in favor of respondent, terminate all motions and close the file.

It is so ordered.

_____
VAUGHN R WALKER
United States District Chief Judge